UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:21-CR-33-HAB |
| JAMAL D. TYLER | |

**OPINION AND ORDER**

Defendant, Jamal D. Tyler, pleaded guilty pursuant to a plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). (ECF Nos. 16, 19). In March 2022, the Court sentenced Defendant to 42 months' imprisonment followed by 3 years of supervised release. This mid-range sentence was grounded in the Defendant's total offense level of 17 and his criminal history category of IV, that together yielded a guideline range of 37-46 months' imprisonment (Presentence Investigation Report, ECF No. 53) ("PSR"). Defendant's criminal history category was based on a total of 8 criminal history points. As part of this calculation, Defendant received two additional points to his criminal history score, because he committed the offenses while under a criminal justice sentence.

Since Tyler was sentenced, the United States Sentencing Commission passed Amendment 821. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Because of the retroactive nature

of the Amendment, Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821. (ECF No. 67). The government does not oppose Defendant's eligibility under Part A of Amendment 821, and the parties agree that a revised sentence of 38 months is appropriate. (ECF No. 70). For the following reasons, the Court finds that a reduction in sentence is proper, and a sentence of time served is the appropriate sentence.

I. **Factual Background**

In March 2021, Tyler brandished a gun at a teenage employee of a southeast Fort Wayne pizza parlor. When officers attempted to arrest him, he ran, escaping to a nearby garage. Retracing Tyler's steps, officers found a .40 cal. handgun. Owing to his prior conviction for felony domestic battery, Tyler was charged with a single count of being a felon in possession of a firearm.

After his guilty plea, the United States Probation officer prepared a PSR. The PSR assessed a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), finding that Tyler used or possessed the firearm in connection with another felony offense (Intimidation). Tyler objected to the enhancement, and the Court held a hearing on the objection.

Following briefing, the Court sustained the objection. While the Court believed that Tyler intended to communicate a threat with a deadly weapon, the Government did not prove that the threat was in response to a "prior lawful act" as required by Indiana statute. Make no mistake: the Court did not find Tyler's conduct to be anything other than reckless and threatening. But, owing largely to the alleged victims' lack of credibility, the Court believed that the law mandated the objection be sustained.

Tyler has spent almost two years in the BOP since sentencing. His conduct there has been a mixed bag. Tyler has participated in nine programs while incarcerated, each lasting anywhere

from a day to a week. But Tyler also has four disciplinary infractions, including citations for destroying property, fighting, refusing to obey an order, and being absent from an assignment.

## II.     Legal Analysis

A motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified. Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582. Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range," U.S. SENT'G COMM'N, GUIDELINES MANUAL §1B1.10(b)(2)(A), p.s. (NOV. 2023) ("USSG."). Nor can the reduced term of imprisonment be less than the term of imprisonment the defendant has already served. USSG §1B1.10(b)(2)(C), p.s. The policy statement makes exceptions for a defendant that has provided

substantial assistance and cases involving mandatory minimum sentences. USSG §§1B1.10(b)(2)(B) and 1B1.10(c), p.s.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a). The commentary to §1B1.10 requires the court to consider two additional factors: public safety and post-sentencing conduct. USSG §1B1.10 comment (n.1(B)(ii) and (iii)).

The Defendant's motion invokes Part A of Amendment 821. Part A permits a reduction in status points under certain circumstances. Defendant here received two status points and thus, under the amendments, his criminal history score would be reduced by two points – from 8 to 6 – with a corresponding change in his criminal history category from IV to III. As a result, application of the amendment reduces his guideline range from 37-46 months to 30-37 months.

As set out in the Introduction, the parties agree that Defendant is eligible for a reduced sentence. The Court agrees. The Court has considered the §3553 factors along with the Defendant's risk to public safety and his post-sentencing rehabilitation. Given the nature of the offense, which involved not just possessing a firearm but brandishing it, the Defendant's risk to public safety cannot be overlooked. Defendant's repeated disciplinary violations, the last just six

4

months ago, further concerns the Court. But the Defendants post-imprisonment efforts are not in vain, and the Defendant appears to be making strides in the right direction. For this reason, after considering all the relevant §3553 factors and the policy statement, the Court concludes that the Motion for Reduction should be GRANTED and the Defendant's sentence reduced to time served.

## CONCLUSION

The Defendant's Motion for Reduction (ECF No. 56) is GRANTED. The Clerk is DIRECTED to enter an amended judgment showing the Defendant's term of imprisonment reduced to time served. All other terms of Defendant's original sentence remain in effect.

SO ORDERED on March 4, 2024.

                                    s/ *Holly A. Brady*
                                    CHIEF JUDGE HOLLY A. BRADY
                                    UNITED STATES DISTRICT COURT